**DAVID M. MICHAEL, CSBN 74031**
**EDWARD M. BURCH, CSBN 255470**
**LAW OFFICES OF MICHAEL & BURCH LLP**
**One Sansome Street, Suite 3500**
**San Francisco, CA 94104**
**Telephone:** **(415) 946-8996**
**Facsimile:** **(877) 538-6220**
**E-mail:** **david@michaelburchlaw.com**

**Attorneys for Claimant ROBERT SHUMAKE**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$252,140.00 IN U.S. CURRENCY,

    Defendant.
_____/

ROBERT SHUMAKE,

    Claimant.
_____/

**CIVIL NO. 3;18 CV 646**

**ANSWER OF ROBERT SHUMAKE TO COMPLAINT FOR FORFEITURE IN REM**

**DEMAND FOR TRIAL BY JURY**

    Claimant ROBERT SHUMAKE hereby answers the allegations in the government's Complaint For Forfeiture *In Rem* as follows:

    1.    In response to the allegations contained in paragraph 1 of the Complaint, Claimant admits that this is a civil action in rem against the Defendant Currency seized from Claimant Darren Lennard Coleman at the Charlotte-Douglas International Airport.

    2.    In response to the allegations contained in paragraph 2 of the Complaint, Claimant denies that the Currency constitutes money furnished or intended to be furnished

by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846 and denies that the Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). Claimant further denies that that the Currency constitutes property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960, or any property traceable to such property making it subject to forfeiture pursuant to 18 U.S.C. § 1981(a)(1)(A).

3. In response to the allegations contained in paragraph 3 of the Complaint, and subject to the denials by Claimant as set out in paragraph 1 and paragraph 2, Claimant denies that any procedures for this action are necessarily "mandated". In response to the remaining allegations contained in paragraph 3 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

4. In response to the allegations contained in paragraph 4 of the Complaint, Claimant admits the allegation contained therein.

5. In response to the allegations contained in paragraph 5 of the Complaint, Claimant admits the allegation contained therein.

6. In response to the allegations contained in paragraph 6 of the Complaint, Claimant admits that the Currency was seized within the Western District of North Carolina. In response to the remaining allegations contained in paragraph 6 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

7. In response to the allegations contained in paragraph 7 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

8. In response to the allegations contained in paragraph 8 of the Complaint, Claimant admits that the U.S. Transportation Safety Administration (TSA) discovered the Defendant Currency during a screening of Darren Lennard Coleman's carry-on bag at the Atlanta-Hartsfield-Jackson Airport on 27 June 2018. In response to the remaining allegations contained in paragraph 8 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

9. In response to the allegations contained in paragraph 9 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

10. In response to the allegations contained in paragraph 10 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

11. In response to the allegations contained in paragraph 11 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

12. In response to the allegations contained in paragraph 12 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

13. In response to the allegations contained in paragraph 13 of the Complaint, Claimant admits the allegations contained therein that, on 27 June 2018, he spoke by phone to an individual who identified himself as a law enforcement officer regarding the Defendant Currency Claimant admits that he planned to meet Coleman in San Francisco to obtain the Defendant

Currency. Claimant denies that he said he had given the Defendant Currency to Coleman to transport it to San Francisco, CA and denies that he said he did not transport the currency himself because he did not want to fly with a large amount of cash. In regards to the remaining allegations contained on paragraph 13 of the Complaint, that Coleman agreed to speak to the officers at the Airport Law Enforcement Office (ALEO) or that Coleman contacted Claimant on his phone, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

14. In response to the allegations contained in paragraph 14 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

15. In response to the allegations contained in paragraph 15 of the Complaint, Claimant admits that he informed officers that he was not licensed as a money transmitting service. In response to the remaining allegations contained in paragraph 15 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

16. In response to the allegations contained in paragraph 16 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

17. In response to the allegations contained in paragraph 17 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

18. In response to the allegations contained in paragraph 18 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

19. In response to the allegations contained in paragraph 19 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

20. In response to the allegations contained in paragraph 20 of the Complaint, Claimant denies that, if the seized currency was that provided by Claimant to Coleman, it was packaged in a manner and in denominations consistent with drug trafficking. In response to the remaining allegations contained in paragraph 20 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

21. In response to the allegations contained in paragraph 21 of the Complaint, Claimant admits the allegations contained therein.

22. In response to the allegations contained in paragraph 22 of the Complaint, Claimant admits that he told officers he was an U.S. citizen and that there was no law that says that U.S. currency cannot be taken out of the United States and that there was no requirement for a disclose of what funds were for.  In response to the remaining allegations contained in paragraph 22 of the Complaint, Claimant denies each and every allegation contained therein.

23. In response to the allegations contained in paragraph 23 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

24. In response to the allegations contained in paragraph 24 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein as to what information is contained within the Department of State (DOS), Office of Foreign Missions in Washington, D.C. as of September 2015 and, on those grounds, denies each and every allegation contained therein.

25. In response to the allegations contained in paragraph 25 of the Complaint, Claimant denies that there exists any admissible evidence that he was charged in Georgia state court in 1991 with any crime. Claimant further denies that he has ever been convicted of any felony charge as alleged therein. In response to the remaining allegations contained in paragraph 25 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

26. In response to the allegations contained in paragraph 26 of the Complaint, Claimant denies that any seized currency represents or is traceable to proceeds of illegal narcotics trafficking. In response to the remaining allegations contained in paragraph 26 of the Complaint, Claimant admits the allegations contained therein.

27. In response to the allegations contained in paragraph 27 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

28. In response to the allegations contained in paragraph 28 of the Complaint, Claimant has no idea what law enforcement is in possession of, lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

29. In response to the allegations contained in paragraph 29 of the Complaint, Claimant admits the allegations contained therein.

30. In response to the allegations contained in paragraph 30 of the Complaint, Claimant denies each and every allegation contained therein.

IN ADDITION, Claimants raise the following numbered defenses to the government's forfeiture complaint:

## FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint on file herein, Claimant alleges that said Complaint is subject to dismissal pursuant to Fed.R.Civ.P. 12(b) and/or for noncompliance with Rule G of The Supplemental Rules For Admiralty Or Maritime Claims and Asset Forfeiture Actions.

## SECOND AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein Claimant alleges that plaintiff lacked untainted probable cause for either the institution of this forfeiture suit (19 U.S.C. § 1615) and/or the seizure of defendant property.

## THIRD AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the seizure and arrest of the claimant/s and their effects including defendant property which is claimed to be subject to forfeiture by plaintiff was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution and related case law. Consequently, all of the evidence seized and the fruits thereof must be suppressed pursuant to applicable case law and/or Rule G (8)(a) of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions.

## FOURTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the defendant property was derived from legitimate activities and thus, Claimant has an innocent interest in said property, as follows:

1. At the time of seizure, the currency was in the physical possession of Darren Leonard Coleman.
2. Coleman was a courier working as the authorized agent of Ambassador Shumake.
3. Ambassador Shumake provided Coleman, as authorized agent, with an official direction letter to explain his transportation of the currency for the International Human Rights Commission (IHRC) and the purpose for its transportation.
4. Coleman produced that letter and explained the transportation of the $252,140.00 US currency at the time that he was stopped and the currency was seized. With that information provided to the ICE, there was no reason to seize the currency.
5. The $252,140.00 US currency belongs to the IHRC Humanitarian Mission.
6. The IHRC's Head of Mission Representative is Ambassador Robert S. Shumake, who is the retired Honorary Consul to Botswana and Tanzania, presently serving as Ambassador to the International Human Rights Commission, which covers the Americas, including the United States and the continent of Africa. Ambassador Shumake is also serving on the International Human Rights Commission Relief Fund. Additionally, he is on approved Consultative Status to the United Nations, is also a Representative to the United Nations (See these website links for corroborating information about UN Consultative Status: http://www.un.org/esa/coordination/ngo/about.htm; and http://esango.un.org/irene/?section=13&type=13).

7. Ambassador Shumake is the Diplomatic Ambassador of the IHRC to the United States of America – IHRC official website listing its Ambassadors to countries and showing Shumake as Ambassador to the USA; http://www.ihrchq.org/diplomatic/ambassadors.php)

8. Ambassador Shumake was appointed as the "Special Diplomatic Adviser of the IHRC" to look after the IHRC interests in "American and African Regions." Ambassador Shumake was appointed to be responsible "to look after the business proposals which can enhance the working capital for the organization working to help the countries in-need."

9. Ambassador Shumake was also appointed as Ambassador by the Department of Foreign & International Affairs of the IHRC as the "Head of Mission" "to enhance and develop the formal diplomatic/working relationship and Humanitarian Mission for the people of the United States of America."

10. As the Ambassador and Head of Mission for the IHRC Humanitarian Mission, Ambassador Shumake acts on their behalf.

11. As part of Ambassador Shumake's duties and functions as the Head of Mission for the IHRC, he personally handles cash funds and donations that belong to the IHRC Humanitarian Mission.

12. Ambassador Shumake uses those cash funds and donations for the purpose of promoting the IHRC Humanitarian Mission functions.

13. The $252,140.00 US currency was in Ambassador Shumake's actual physical possession before he entrusted it to his appointed courier and agent, Coleman.

14. The $252,140.00 US currency was to be transferred to San Francisco, California, by the appointed courier for IHRC Humanitarian Mission official functions.

9

15. The $252,140.00 US currency was intended for the development of housing and water wells in East Africa.

16. Cash is needed to conduct the basic business operations and official functions of the IHRC Humanitarian Mission.

17. The IHRC Humanitarian Mission must also conduct business within the United States in order to promote its functions and missions abroad.

18. There are many American and foreign businesses such as landlords, property owners, goods suppliers, service providers, and shippers who demand cash advances and deposits before agreeing to conduct business with the IHRC Humanitarian Mission and its representatives.

19. It is easier to transport the currency from one location to another within the United States and expend it for IHRC Humanitarian Mission functions rather than to open a bank account, deposit the large sum of currency in the location the currency was raised, wire the currency to the location where it is needed, withdraw all of the money from the bank account as cash, incurring fees, and then expending the currency to promote the IHRC Humanitarian Mission functions.

20. There is nothing illegal about transporting large amounts of cash within the United States of America.

21. There was no criminal purpose for transporting the currency, nor was the currency connected to any criminal activity.

22. Ambassador Shumake's official status as representative of an International Government Organization (as outlined above), coupled with the appointment of Coleman as his

official agent and courier, and Coleman's presentation of the official direction letter were sufficient to authorize the transportation of the IHRC currency without any interference.

23. Pursuant to the *Vienna Convention on the Representation of States in their Relations with International Organizations of a Universal Character 14 March 1975*, Articles 23 through 30, a courier acting on behalf of IHRC shall not be detained or abated in any way and the contents of his bag may not be seized or forfeited. As a designated agent of Ambassador Shumake's office, Coleman was allowed to freely carryout his assignment on behalf of the IHRC. Under the above cited Vienna Convention Articles, there were no grounds or authority to seize the currency.

24. ICE unjustifiably seized the IHRC's currency after being provided the official direction letter and the corroboration by Ambassador Shumake and his official status (and by extension the status of his designated agent and courier, Coleman.

## FIFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that it would result in the taking of property without due process of law, and without just compensation, in violation of the Fifth Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would amount to a cruel and unusual punishment, in violation of the Eighth Amendment to the United

States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution.

### EIGTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that claimant was denied notice and opportunity to be heard prior to the seizure of defendant property or the initiation of this forfeiture action, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

### NINTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the seizure and arrest of the property claimed to be subject to forfeiture was made in violation of the Fourth Amendment to the Constitution and the Right to Financial Privacy Act.

### TENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the seizure and arrest of the property claimed to be subject to forfeiture was made in violation of Article I, Section 1 and Section 8, Clause 18, of the United States Constitution, being founded upon an unlawful delegation of legislative power.

//

## ELEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that 21 U.S.C. § 881, 18 U.S.C. § 983(c)(1) and accompanying forfeiture provisions are unconstitutional and unenforceable, in that they constitute a denial of claimant's due process and equal protection rights under the United States Constitution - the procedures used to adjudicate the seizure of the property should require the government to carry its burden by either beyond a reasonable doubt or by clear and convincing evidence rather than by a preponderance of the evidence. *See, e.g., Leonard v. Texas*, 580 U.S. ___ 2017, 137 S. Ct. 848 (denying cert., Statement of THOMAS, J.) (No. 16-122, March 6, 2017); *Santosky v. Kramer*, 455 U.S. 745 (1982).

## TWELFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the defendant property was not proceeds of any violation of law, nor was the defendant property otherwise related to any violation of law, that would subject the property to forfeiture pursuant to any law.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that pursuant to the Due Process Clause of the United Sates Constitution and plaintiff's statutory obligation to initiate this action promptly from the time of discovery of any facts giving rise to the government's claim and/or to commence trial promptly from the time of seizure or filing, plaintiff is barred from bringing this forfeiture action by its unnecessary delay.

//

//

**PLEASE TAKE NOTICE THAT CLAIMANT DEMANDS TRIAL BY JURY OF THE ISSUES AND DEFENSES RAISED BY HIS CLAIM AND ANSWER.**

WHEREFORE, Claimant ROBERT SHUMAKE prays that this Court will:

1. Dismiss plaintiff's Complaint and enter a judgment on behalf of Claimant.

2. Order that all property seized, and the fruits thereof, be suppressed as evidence in this case, and order that all items seized from Claimant's possession, actual or constructive, be suppressed as evidence in this and any other proceeding.

3. Order that all of defendant property be released and surrendered to claimants forthwith.

4. Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney fees to claimants.

5. Provide such other and further relief as this court deems proper and just.

Respectfully submitted,

Dated: 28 January 2019

*S/David M. Michael*
DAVID M. MICHAEL, CSBN 74031
LAW OFFICES OF MICHAEL & BURCH LLP
One Sansome Street, Suite 3500
San Francisco, CA 94104

Attorney for Claimant
ROBERT SHUMAKE

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that, on 28 January 2019, he caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>*S/David M. Michael*</u>
DAVID M. MICHAEL