UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$252,140.00 IN U.S. CURRENCY,

    Defendant.
_____/

INTERNATIONAL HUMAN RIGHTS COMMISSION, ROBERT SHUMAKE, and DARREN LENNARD COLEMAN,

    Claimants.
_____/

CIVIL NO. 3;18 CV 646

CLAIMANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE COMPLAINT AND/OR DISMISS ACTION, AND RETURN PROPERTY; AND TO STAY PROCEEDINGS PENDING RULING;

DECLARATION OF COUNSEL

    Claimants INTERNATIONAL HUMAN RIGHTS COMMISSION, ROBERT SHUMAKE, and DARREN LENNARD COLEMAN have moved to dismiss this action and stay all proceedings in this action pending this Court's ruling, on the basis that, as set out herein, the Complaint for Forfeiture, filed by Plaintiff United States of America ("the government"), is in error regarding a fundamental representation in the case, where it has alleged that the date of the incident that led to the seizure of the Defendant property, which date is critical to other deadlines in this litigation, occurred on June 27, 2018, (Doc.1, filed 12/03/2018, at p. 3), when, in fact, it is undisputed that the seizure of the Defendant property actually occurred on June 27, 2016, two years prior to the government's representation in its Complaint for Forfeiture.

    In addition, as further set out herein, the government may have filed its complaint for forfeiture late, in violation of the 90-day rule set out in 18 U.S.C. § 983(3)(A) and (B).

    //

1

1. **THE GOVERNMENT ERRONIOUSLY REPRESENTS THE DATE OF THE INCIDENT IN ITS COMPLAINT FOR FORFEITURE**

The Complaint for Forfeiture (Doc. 1), filed by Plaintiff United States of America ("the government"), is in error regarding a fundamental representation in the case, where it has alleged that the date of the incident that led to the seizure of the Defendant property, which date is critical to other deadlines in this litigation, occurred on June 27, 2018, (Doc.1, filed 12/03/2018, at p. 3), when, in fact, it is undisputed that the seizure of the Defendant property actually occurred on June 27, 2016, two years prior to the government's representation in its Complaint for Forfeiture.

No proof is necessary to establish this basic fact. The government will concede that the actual date of the seizure of the Defendant property was, in fact, June 27, 2016. See, Declaration of David Michael, herein.

A motion to dismiss is the appropriate vehicle to challenge a complaint that has the incorrect date of incident that formed the basis for the lawsuit. See, *Foster v. Unknown Cook County Deputy Sheriff*, 914 F. Supp. 221, 223-24 (N.D. Ill. 1995). Although the government here may seek to amend its Complaint for Forfeiture to correct the date of incident, any new date allowed by this Court may very well create other issues that will affect this Court's jurisdictional power to proceed with the litigation.

In any event, Claimants have a right to address a Complaint for Forfeiture that correctly states the date of the incident that formed the basis for the complaint, itself, and which, as in all civil proceedings, allows the parties to consider jurisdictional and other issues that spring from that correct date and the distance from the date of incident to the date of filing of a civil case.

For example, the government here may be required to show good cause for its failure to amend their Complaint for Forfeiture prior to the issuance by this Court of its numerous

2

scheduling orders. See, Order of 07/092019 (Doc. 16)(Pretrial Order and Case Management Plan), Order of 10/18/2019 (Text Order)(Modification of Pretrial Order and Case Management Plan), Order of 01/10/2020 (Doc. 20) Modification of Pretrial Order and Case Management Plan, and Order of 03/10/2020 (Doc. 22) Modification of Pretrial Order and Case Management Plan. *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (must demonstrate good cause for failure to amend before the deadline in the scheduling order expired)

### 2. THE GOVERNMENT MAY HAVE FILED ITS COMPLAINT FOF FORFEITURE LATE IN VIOLATION OF THE 90-DAY RULE IN 18 U.S.C. § 983(3)(A) AND (B).

On April 11, 2000, Congress passed the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202, codified principally at 18 U.S.C. §§ 981 & 983, in an effort to address due process concerns associated with federal civil forfeitures.[1]

It is important to emphasize at the onset, that it is well established, even prior to the reforms set out in CAFRA, **that forfeiture statutes and their notice provisions must be construed strictly in favor of property owners and against the government**. *See, e.g., U.S. v. Ritchie*, 342F.3d 903, 910 (9th Cir. 2003) ("Because forfeitures are disfavored, *see United States v. One Ford Coach*, 307 U.S. 219, 226, 83 L. Ed. 1249, 59 S. Ct. 861 (1939), forfeiture laws and their notice provisions are 'strictly construed . . . against the government,' [ ] "); *see also, e.g., U.S. v. 7215 Longboat Drive (Lot 24),* 750 F. 3d 968, 974 (8th Cir. 2014); *U.S. v. $191,910.00,* 16 F.3d 1051, 1068 (9th Cir. 1994); *U.S. v. $493,850.00,* 518 F.3d 1159, 1169 (9th Cir. 2008) ("It is [ ] well established that 'forfeiture statutes are strictly construed against the government.' "); *U.S. v. One 1977 Cadillac Coupe De Ville*, 644 F.2d 500, 501 (5th Cir. 1981); *U.S. v. Charles D. Kaier Co.*, 61 F.2d 160, 162 (3d Cir. 1932).

3

18 U.S.C. § 983(3)(A) and (B) provides as follows:

(3) (A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.
(B) If the Government does not— (i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or (ii) before the time for filing a complaint has expired—

(I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
(II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,

**the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense. (emphasis added)**

18 U.S.C. § 983(3)(A) and (B)

As set out in the Declaration of Counsel, Claimant Coleman, after earlier negotiations, served his Administrative Claim on Customs and Border Protection on Friday, August 31, 2018 and the Claim was received the following Monday on September 3, 2018. Computing from that date, and pursuant to 18 U.S.C. § 983(3)(A) and (B), the 90-day deadline for the government to file its Judicial Claim was **NOT LATER** than December 2, 2018.

December 2, 2018 falls on a Sunday. So, the issue before this Court is whether or not the language of "NOT LATER THAN 90 DAYS, means that the government's Complaint for Forfeiture needed to be filed within the last date in the 90-day time period, which would have been Friday, November 30, 2018, if weekends are not counted, or December 2, 2018, which is the actual end of the 90-day deadline, as opposed to the extra days provided in Rule 6 of the Federal Rules of Civil Procedure. If this is the correct interpretation of the "NO LATER" language in 18 U.S.C. § 983(3)(A) and (B), then the government's Complaint for Forfeiture was

4

untimely and this case must be dismissed and the Defendant property returned to Claimants, as set out in 18 U.S.C. § 983(3)(B)(II).

Claimants are aware of the relevant language in Rule 6 of the Federal Rules of Civil Procedure, especially Rule 6(a)(1)(C)

> (a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> (1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

But, there is language in the Notes of the Advisory Committee to Rule 6 that, especially when dealing with civil forfeiture cases - where statutes are construed against the government - that suggest that the language "not later than" may not allow Saturdays and Sundays to be excluded in computing the 90-days for filing.

Notes of Advisory Committee on 2009 amendments.

> If, for example, **the date for filing is "no later than November 1,2007," subdivision (a) does not govern**. But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed. (emphasis added)

If the "not later than" language of the forfeiture statutes, 18 U.S.C. § 983(3)(A) ("Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture"), does not allow excluding Saturdays and Sundays, then the last date for the government to have filed its forfeiture complaint was 2 December 2018. But, here, the government did not file its Complaint for Forfeiture until 3 December 2018, one day late.

5

If the above holds true, then the government was one day late and the Complaint for Forfeiture must be dismissed and, pursuant to 18 U.S.C. § 983(3)(A) and (B), the property must be returned to Claimants.

Claimants also request that this Court stay any further proceedings pending its determination of the issues raised in this motion.

Dated: September 3, 2020　　　　　　Respectfully submitted,

*S/David M. Michael*
DAVID M. MICHAEL, CSBN 74031
LAW OFFICES OF MICHAEL & BURCH LLP
One Sansome Street, Suite 3500
San Francisco, CA 94104
david@michaelburchlaw.com

Attorney for Claimants INTERNATIONAL HUMAN RIGHTS COMMISSION, ROBERT SHUMAKE and DARREN COLMAN

**DECLARATION OF COUNSEL**

I, David Michael, declare as follows:

1. I am an attorney at law, allowed to practice before this Court and numerous other federal and state courts in the United States. I am counsel for Claimants in the above matter and have personal knowledge of the following facts, and, if, called as a witness, I could and would competently testify thereto.

2. In my investigations in this matter, I have determined that it is undisputed that the seizure of the Defendant currency occurred on June 27, 2016 and not on June 27, 2018.

3. During the pendency of this case, I have conversed with AUSA Benjamin Bain-Creed regarding a number of issues in this litigation. During those conversations, we had discussed the issue regarding the incorrect date for the seizure of the Defendant property

6

set out in the Complaint for Forfeiture. AUSA Bain-Creed has not denied that the date of the seizure of the Defendant currency in the Complaint for Forfeiture was incorrect nor would he.

4. In my further investigations in this matter, I have reviewed numerous documents regarding the various procedures in this litigation and in the negotiations between Claimants and the Customs and Border Protection Administrative Agency.

5. The documentary evidence shows that Claimant Coleman served his Administrative Claim on Customs and Border Protection on Friday, August 31, 2018 by Express Mail and that the Claim was received by Customs and Border Protection the following Monday on September 3, 2018.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on September 3, 2020.

<u>S/David M. Michael</u>
DAVID M. MICHAEL
Declarant and Attorney for Claimants INTERNATIONAL HUMAN RIGHTS COMMISSION, ROBERT SHUMAKE AND DARREN COLEMAN

7

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that, on September 4, 2020, he caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        *S/David M. Michael*
                                        DAVID M. MICHAEL

8