# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00646-DSC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **APPROXIMATELY $252,140.00 IN US** ) | **MEMORANDUM AND ORDER** |
| **CURRENCY,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |
| **INTERNATIONAL HUMAN RIGHTS** ) | |
| **COMMISSION, ROBERT SHUMAKE** ) | |
| **AND DARREN LENNARD COLEMAN** ) | |
| ) | |
| **Claimants.** ) | |

**THIS MATTER** is before the Court on the "Claimants' Motion to Strike Complaint and/or Dismiss Action, and Return Property; and to Stay Proceedings Pending Ruling" (document # 23), "Claimants' Motion for Extension of Time to Complete Discovery" (document #24) and "Claimants' Motion to Dismiss the Case or Exclude Evidence and Testimony Due to the Spoliation of Evidence" (document #29) and the parties briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and the Motions are now ripe for the Court's consideration.

This is a civil action *in rem* against approximately $252,140,00 in United States currency. The currency was seized from Darren Coleman on June 27, 2016 by the Department of Homeland Security at the Charlotte-Douglas International Airport as he traveled from Atlanta to San

Francisco via Charlotte. Homeland Security seized the currency based upon suspicion that it was tied to narcotics trafficking and an unlicensed money service business. Claimants assert that Robert Shumake raised the money from donors in Atlanta and that Coleman was carrying it on behalf of International Human Rights Commission from Atlanta to San Francisco.

The Court has carefully reviewed the parties' arguments, the record and applicable authorities.

For the reasons stated in Plaintiff's response (document #25), "Claimants' Motion to Strike Complaint and/or Dismiss Action and Return Property and to Stay Proceedings Pending Ruling" (document # 23) is <u>denied</u>.

For the reasons stated in Claimants' reply (document # 30), "Claimants' Motion for Extension of Time to Complete Discovery" (document #24) is <u>granted in part and denied in part</u>. That is, the Court will allow the expert report by Dr. Jay Marshall Poupko to be provided to Plaintiff within fifteen calendar days of this Order and denies Claimants' request for additional experts.

For the reasons stated in Plaintiff's Response (document #32), "Claimants' Motion to Dismiss the Case or Exclude Evidence and Testimony Due to the Spoliation of Evidence" (document #29) is <u>denied</u>. The Court finds that sanctions are not appropriate because the evidentiary value of the currency has not been lost. Homeland Security Investigations tested the currency for narcotics the same day it was seized. The test results indicate the specific amounts of narcotics found on the currency samples. Those test results have been provided to Claimants. Homeland Security also tested the luggage, shoeboxes and bags containing the currency and retained those items.

The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: November 19, 2020

David S. Cayer
United States Magistrate Judge