# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00646-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPROXIMATELY $252,140.00 IN US ) <br> CURRENCY SEIZED FROM DARREN ) <br> LEONARD COLEMAN ON JUNE 27, ) <br> 2016 AT CHARLOTTE-DOUGLAS ) <br> INTERNATIONAL AIRPORT, ) <br> ) <br> Defendant, ) <br> ) <br> ROBERT SHUMAKE, ) <br> INTERNATIONAL HUMAN RIGHTS ) <br> COMMISSION, AND DARREN ) <br> COLEMAN, ) <br> Claimants. ) <br> ) | **MEMORANDUM** <br> **AND** <br> **ORDER** |

**THIS MATTER** is before the Court on the "United States' Motion for Summary Judgment on the Claims of Shumake and IHRC" (Doc. 39), as well as the parties' associated briefs, affidavits, and exhibits.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) and this Motion is ripe for the Court's determination.

Having carefully considered the parties' arguments, the record, and the applicable authorities, Plaintiff's Motion for Summary Judgment is granted in part and denied in part as discussed below.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil action *in rem* against approximately $252,140.00 in United States currency. Doc. 1 at 1. On June 27, 2016, U.S. Transportation Safety Administration officers in Atlanta, Georgia discovered a large amount of U.S. currency during a screening of Darren Coleman's carry-on bag at the Atlanta-Hartsfield-Jackson International Airport. Id. at 2. As Coleman exited his flight from Atlanta at the Charlotte-Douglas International Airport, officers asked to speak with him about the currency in his possession. Id. at 3. K-9 Ciro was dispatched and alerted to the odor of narcotics on his carry-on suitcase and backpack. Id. at 4.

Coleman consented to a search of his luggage. Id. at 5. His luggage and backpack contained approximately $252,140 ("the currency"), held together with various multi-colored rubber bands and packaged in a manner and in denominations consistent with drug trafficking. Id. at 5-6. Homeland Security seized the currency based upon suspicion that it was tied to narcotics trafficking and an unlicensed money service business. Id. at 1-2, 8. Officers conducted a trace detection test on the currency using an Ion Scan 500DT. Id. at 6. The currency, plastic bags, and interior of the suitcase all tested positive for cocaine. Id.

Coleman produced a letter with the logo of the Office of the International Human Rights Commission ("IHRC") and signed by R.S. Shumake. Id. at 3. The letter stated that Coleman was transporting $150,000 to be disbursed in Africa and the Caribbean. Id. Coleman told officers that Shumake hired him to transport the currency from Atlanta to San Francisco. Id. Shumake, who was not present at the airport, informed officers by phone that that "he routinely transported large amounts of U.S currency overseas for his organization" and "never reports the currency, since, as an ambassador, he was accorded diplomatic immunity." Doc. 1 at 6; Doc. 39-2 at 27, 75, 79.

2

But according to the U.S. Department of State ("DOS") Office of Foreign Missions, Shumake "is not a recognized ambassador for any organization and Coleman has never registered with the DOS as a member of a foreign mission." Doc. 1 at 6-7. The official records of the DOS "contain no record of an organization called the International Human Rights Commission, the International Human Rights Commission – Relief Trust Fund, or the IHC Humanitarian Mission." Doc. 39-2 at 119. The DOS confirmed that the organization, Shumake and Coleman do not "enjoy any privileges and immunities in the United States," either now or at the time of the seizure. Id. at 119-20.

Claimants assert that Shumake raised the money from donors and fundraisers in Atlanta. Id. at 2. Specifically, Shumake asserts that the currency came from two sources:

> (1) two individuals affiliated with the rapper "Young Thug" dropped off a bag of cash, approximately $100,000, in a hotel room at the Ritz Carlton in Atlanta where Coleman and Shumake were staying and
>
> (2) John Goldstein, who is Shumake's partner in the "Via Real" cannabis farm business in California, gave approximately $100,000 to Shumake from his bingo business, which was "probably picked up at an earlier time period."

Doc. 39-2 at 21-27.

On December 3, 2018, the Government filed this action for forfeiture of the Defendant currency pursuant to 21 U.S.C. § 881(a)(6). The Government alleges that the currency constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846. Doc. 1 at 1-2. The Government also alleges the currency constitutes property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960, or any property traceable to such property, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A). Id.

3
Case 3:18-cv-00646-DSC   Document 48   Filed 04/02/21   Page 3 of 11

Shumake, Coleman, and the IHRC filed claims contesting forfeiture. Docs. 8-10. On December 2, 2020, Coleman withdrew his claim to the Defendant currency. Doc. 37. On February 1, 2021, the Government filed this Motion for Summary Judgment as to the claims of Shumake and the IHRC. Doc. 39.

## II. DISCUSSION

### A. Standard of Review – Rule 56

Federal Rule of Civil Procedure 56(a) provides:

A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the non-moving party." Vannoy v. Fed. Res. Bank of Richmond, 827 F.3d 296, 300 (4th Cir. 2016) (quoting Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013)). "A fact is material if it might affect the outcome of the suit under the governing law." Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the evidence and any inferences therefrom in the light most favorable to the non-moving party. See Tolan v. Cotton, 572 U.S. 650, 657 (2014); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court applies "the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the non-moving party." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 570 (4th Cir.

2015) (quoting Tolan, 572 U.S. at 660). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." Id. at 568-69 (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed. 1998)). "The court therefore cannot weigh the evidence or make credibility determinations." Id. at 569 (citing Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 352 (4th Cir. 2007)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

**B.     Standing – Shumake**

As a threshold matter, the Government contends that Shumake lacks standing to contest the forfeiture.

A claimant seeking the return of forfeited property bears the burden of establishing standing by a preponderance of the evidence. See United States v. $119,030.00 in U.S. Currency, 955 F. Supp. 2d 569, 576 (W.D. Va. 2013). A claimant must establish both statutory and Article III standing. See United States v. $7,000.00 in U.S. Currency, 583 F. Supp. 2d 725, 729 (M.D.N.C. 2008) (citing United States v. $487,825.00 in U.S. Currency, 484 F.3d 662, 664 (3d Cir. 2007)). Statutory standing is not at issue in this action. Thus, the Court need only examine whether Shumake has met his burden with respect to Article III standing.

In the Fourth Circuit, a forfeiture claimant has Article III standing to challenge a forfeiture only if he possesses an "ownership interest, a possessory interest, or a security interest in the specific property that is the subject of the forfeiture action." United States v. $122,640.00 in U.S. Currency, 81 F. Supp. 3d 482, 484-85 (D. Md. 2015) (internal citations omitted) (granting summary judgment when claimant's "version of events is utterly discredited by the

5
Case 3:18-cv-00646-DSC   Document 48   Filed 04/02/21   Page 5 of 11

evidence"). A claimant must do more than make a bare assertion of ownership to show an ownership interest. See $7,000.00 in U.S. Currency, 583 F. Supp. 2d at 729-30. There must be "other indicia of true ownership." Id. at 730 (citation omitted). "Ownership may be established by proof of actual possession, control, title, and financial stake." $119,030.00 in U.S. Currency, 955 F. Supp. 2d at 576 (quotation marks omitted).

Shumake claims an ownership interest in the currency because he had not yet transferred it to the IHRC at the time of the seizure. See Doc. 8 at 1; Doc. 39-2 at 79; Doc. 40-1. But Shumake and the original Claimants assert the currency belongs to IHRC, stating "[t]he $252,140.00 US currency belongs to the IHRC Humanitarian Mission." See Doc. 11 at 7; Doc. 12 at 8; Doc. 13 at 7. Likewise, he was not present at the seizure and his only connection to the currency appears to be through the IHRC. Shumake offers nothing more than blanket assertions of ownership to rebut the Government's contention that he lacks standing. In his Memorandum in Opposition to the Government's Motion for Summary Judgment, he again offers two bare assertions of ownership:

> (1) Shumake has claimed "ownership of the Defendant Currency throughout this litigation." See Doc. 8 at 1 ("The undersigned hereby claims an ownership and possessory interest in, and the right to exercise dominion and control over, all of the defendant property.").
>
> (2) In Shumake's Response to Special Interrogatories, he "declared under oath in his filed claims and here that he is the owner of the Defendant property (as opposed to mere possessor), he has standing."). Doc. 40-1 at 4.

Doc. 41 at 5. His bare assertion of ownership is not sufficient. See $7,000.00 in U.S. Currency, 583 F. Supp. 2d at 729-30; United States v. $104,250 in U.S. Currency, 947 F. Supp. 2d 560, 564-65 (D. Md. 2013) (finding no standing when only evidence was self-serving testimony that property was claimant's); United States v. $447,815 in U.S. Currency, No. 1:09-cv-204, 2011

WL 4083640, at *3 (M.D.N.C. July 26, 2011) (claims of ownership standing alone are insufficient to establish standing).

Considering the evidence in the record as a whole, the Court concludes that Shumake's bare assertions of ownership are insufficient as a matter of law to establish standing to challenge forfeiture of the currency. See United States v. Real Prop. Associated with First Beneficial Mortg. Corp., No. 3:08-cv-285, 2009 WL 1035233, at *3 (W.D.N.C. Apr. 16, 2009) (shareholder in corporation has only equitable interest in the assets and does not have standing); United States v. $98,699.60 in U.S. Currency, No. 5:13-cv-585-D, 2017 WL 750701, at *21 (E.D.N.C. Feb. 23, 2017) (same).

Moreover, Shumake is not entitled to diplomatic immunity in the United States. See United States v. Al–Hamdi, 356 F.3d 564, 572-73 (4th Cir. 2004) (holding that the DOS certification that an individual was not entitled to diplomatic immunity is "conclusive evidence" of a lack of entitlement). The official records of the DOS contain no record of Shumake's association with the IHRC and confirm that he did not enjoy privileges and immunities in the United States presently or at the time of seizure.[1] Doc. 39-2 at 119-20. Therefore, the Court will grant Plaintiff's Motion for Summary Judgment as to Shumake's claim.

### C. 21 U.S.C. § 881(a)(6) – IHRC

Under the Civil Asset Forfeiture Reform Act of 2000, the Government bears the initial burden of establishing forfeitability by a preponderance of the evidence. See 18 U.S.C. § 983(c)(1). Here, for summary judgment purposes, the Government contends that the currency is

---

[1] According to the official records of the DOS, Shumake was "previously registered with the Department as an Honorary Consul for the Government of the Republic of Botswana from July 25, 2012 to September 8, 2015, and as an Honorary Consul for the Government of the United Republic of Tanzania from January 11, 2013 to September 8, 2015." Shumake "does not enjoy immunity in the United States with respect to any acts undertaken after September 8, 2015, and thus did not enjoy any privileges or immunities as of June 26, 2016." Doc. 39-2 at 119-20.

forfeitable pursuant to 28 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A). Doc. 39-1 at 3. To meet its burden, the Government may use evidence it acquired after filing its complaint for forfeiture. See 18 U.S.C. § 983(c)(2). The court "should not view each piece of evidence in isolation, but rather consider the totality of the evidence as a whole and in the appropriate context." United States v. $147,900.00 U.S. Currency, 450 F. App'x. 261, 263 (4th Cir. 2011).

The Government must establish a nexus or substantial connection between the property and criminal activity. See United States v. Farkas, 474 Fed. App'x. 349, 359-60 (4th Cir. 2012); United States v. Herder, 594 F.3d 352, 364 (4th Cir. 2010) (noting similarity between civil and criminal forfeiture laws). While the "[p]roceeds need not be tied to any particular identifiable drug transaction[,]" United States v. $240,100 in U.S. Currency, No. 1:14-cv-942, 2017 WL 2303985, at *6 (M.D.N.C. May 25, 2017) (internal quotation omitted), "the property must have more than an incidental or fortuitous connection to criminal activity[.]" United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990).

If the Government meets its burden, "the burden shifts to the claimant to show by a preponderance of the evidence that he or she is an 'innocent owner' of the property." United States v. $15,790.00 in U.S. Currency, 197 F. Supp. 3d 827, 833 (M.D.N.C. 2016) (citing 18 U.S.C. § 983(d) and United States v. $864,400.00 in U.S. Currency, 405 Fed. App'x. 717, 718 (4th Cir. 2010)).

The Government contends that the positive K-9 alert and ion scan are probative evidence supporting summary judgment. However, Claimants dispute the expert testimony related to the K-9 alert and ion scan in their Motion in Limine. The Court finds genuine issues of material fact that would permit, but not require, a reasonable jury to return a verdict in favor of Claimant IHRC.

Therefore, the Government has not met its burden of establishing by a preponderance of the evidence that the currency constitutes proceeds from the exchange of a controlled substance pursuant to 21 U.S.C. § 881(a)(6). The evidence proffered by the Government to show a substantial connection between the currency and any underlying criminal activity fails to resolve genuine issues of material fact. Accordingly, Plaintiff's Motion for Summary Judgment as to the IHRC under 21 U.S.C. § 881(a)(6) is <u>denied</u>.

### D. 18 U.S.C. § 981(a)(1)(A) – IHRC

The Government contends the currency constitutes property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960, or any property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A). Doc. 1 at 1-2. Congress enacted 18 U.S.C. § 1960 in 1990 "to combat the growing use of money transmitting businesses to transfer large amounts of monetary proceeds of unlawful enterprises." <u>United States v. Velastegui</u>, 199 F.3d 590, 593 (2d Cir. 1999). Subsection (b) of 18 U.S.C. § 1960 provides, in pertinent part, that:

> (1) the term **"unlicensed money transmitting business"** means a money transmitting business which affects interstate or foreign commerce in any manner or degree and—
>
> (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable[.]

18 U.S.C. § 1960(b)(1)(A) (emphasis added).

Section 981(a)(1)(A) authorizes forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section . . . 1960 of this title, or any property traceable to such property." 18 U.S.C. § 981(a)(1)(A). The Government must prove

defendant "operate[d] a money transmitting business," which affected interstate commerce and was unlicensed under state law. United States v. Talebneja, 460 F.3d 563, 568 (4th Cir. 2006).

The Government alleges that the IHRC operated an "unlicensed money transmitting business" and that the "Currency was substantially connected to that [Section] 1960 violation." Doc. 39-1 at 19. While it is clear that Coleman and Shumake operated an unlicensed money service business in violation of Section 1960, there are genuine issues of material fact as to whether the IHRC operated an unlicensed money transmitting business as defined in 18 U.S.C. § 1960(b)(1)(A). The Government's Memorandum in Support of its Motion for Summary Judgment focuses almost exclusively on Coleman and Shumake in its discussion of § 1960.

The Court finds that the Government has failed to satisfy its burden to prove a nexus between the currency and unlicensed money transmitting by a preponderance of the evidence. The Court concludes that taking the evidence in the light most favorable to the IHRC, there are genuine issues of material fact that would permit, but not require a reasonable jury to return a verdict in favor of the IHRC on its claim. Accordingly, Plaintiff's Motion for Summary Judgment as to the IHRC under 18 U.S.C. § 981(a)(1)(A) is denied.

### III.  ORDER

**NOW THEREFORE IT IS ORDERED that:**

1. The "United States' Motion for Summary Judgment on the Claims of Shumake and IHRC" (Doc. 39) is **GRANTED** as to Shumake and **DENIED** as to IHRC.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: April 2, 2021

David S. Cayer
United States Magistrate Judge