# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00646-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPROXIMATELY $252,140.00 IN US ) <br> CURRENCY SEIZED FROM DARREN ) <br> LEONARD COLEMAN ON JUNE 27, ) <br> 2016 AT CHARLOTTE-DOUGLAS ) <br> INTERNATIONAL AIRPORT, ) <br> ) <br> Defendant, ) <br> ) <br> ROBERT SHUMAKE, ) <br> INTERNATIONAL HUMAN RIGHTS ) <br> COMMISSION, AND DARREN ) <br> COLEMAN, ) <br> Claimants. ) <br> ) | **MEMORANDUM** <br> **AND** <br> **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Exclude the Expert Testimony of Jay M. Poupko" (Doc. 42) and "Claimants' Motion to Exclude Dr. Stefan Rose and Dr. Richard Lareau, or Motion in Limine Pursuant to Daubert, Fed. R. Evid. 702 and/or Fed. R. Evid. 403" (Doc. 45), as well as the parties' associated briefs, affidavits, and exhibits.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) and both Motions are ripe for the Court's determination.

Having carefully considered the parties' arguments, the record, and the applicable authorities, the Court <u>denies</u> both Motions as discussed below.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background set forth in this Court's Order on Plaintiff's Motion for Summary Judgment are herein incorporated by reference. On February 23, 2021, the Government filed a Motion to Exclude the expert testimony of Claimants' expert Dr. Jay M. Poupko. On March 9, 2021, Claimants filed a Motion to Exclude and/or a Motion in Limine regarding the Government's experts, Drs. Stefan Rose and Richard Lareau. The Court will address both Motions in this Order.

# II. DISCUSSION

## A. Standard of Review

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert opinion testimony. Fed. R. Evid. 702. Under Rule 702, expert testimony is admissible when "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Id. The testimony must be "based upon sufficient facts or data" and be the "product of reliable principles and methods[.]" Id. A district court acts as gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). See also Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999).

In evaluating the admissibility of expert testimony under Rule 702, the court considers the Daubert factors:

(1) whether a theory or technique can be or has been tested;
(2) whether it has been subjected to peer review and publication;
(3) whether a technique has a high known or potential rate of error and whether there are standards controlling its operation; and
(4) whether the theory or technique enjoys general acceptance within a relevant scientific community.

Daubert, 509 U.S. at 592-94. See also Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001); United States v. Crisp, 324 F.3d 261, 266 (4th Cir. 2003). The party offering the expert testimony must establish its admissibility by a preponderance of proof. Cooper, 259 F.3d at 199.

A court must consider expert testimony "within the context of the other rules of evidence," including Rule 403. United States v. $307,970.00 in U.S. Currency, No. 4:12-CV-136-FL, 2019 WL 2173432, at *3 (E.D.N.C. May 20, 2019). Under Rule 403, the probative value of any proffered evidence must not be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

### B. Expert Testimony of Dr. Jay M. Poupko

Claimants seek to qualify Dr. Jay Poupko as an expert in chemistry and forensic toxicology. More specifically, Claimants offer Poupko to opine that innocent contamination of the currency explains the presence of drugs detected by the K-9 and the Ionscan 500DT. Poupko opines:

> The purported alert of the dog Ciro-handler drug detector team to $252,140 US currency and cocaine-positive results by Ionscan 500DT of samples of said currency does not **conclusively establish** that said currency was directly and recently exposed to illicit cocaine and other controlled substances.

Doc. 39-2 at 164 (emphasis added). Poupko further explains that the term "conclusively establish" means that the K-9 alert and Ion Scan are subject to confirmation testing and could be certified as a positive result through that process. Doc. 39-2 at 186-87.

The Government seeks to exclude Poupko's testimony concerning K-9 alerts and trace detection scanning on the grounds that it is contrary to well-established case law and unreliable.

3

The Court has considered all the parties' submissions. The Court concludes that Poupko's testimony about the K-9 alert is relevant and highly probative of whether there is a nexus between the seized currency and a violation of 18 U.S.C. § 881(a)(6). Likewise, the Court finds that Poupko's testimony about ion scan technology is relevant and highly probative of whether the currency was innocently contaminated.

Any prejudice accruing to the Government is neither unfair nor substantially outweighs the probative value of the evidence. The Government has the ability to cross-examine Poupko and call its own experts to interpret the ion scan evidence. See United States v. Siegel, 536 F.3d 306, 319 (4th Cir. 2008). Accordingly, the Government's Motion to Exclude is denied.

### C.   Expert Testimony of Drs. Stefan Rose and Richard Lareau

Claimants seek to exclude the expert testimony of Drs. Rose and Lareau as to their opinion that the positive test results on the currency show to a degree of scientific certitude that it was in recent contact with an illegal substance and/or is indicative of a connection to drug sales. Specifically, Claimants contend that these opinions are not based upon reliable methodology, that Rose's rebuttal analysis regarding the bundled currency is speculative, and that Lareau improperly relied on conversations with experts from the manufacturer of the ion scanner.

The Court concludes that the testimony of Rose and Lareau is relevant and reliable, and highly probative of the connection between the cocaine detected on the currency and Claimants' possible connection to the drug trade. The Court acknowledges that "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." Daubert, 509 U.S. at 595 (internal citation omitted). But the Court is satisfied that Lareau's reliance on conversations with the manufacturer regarding the ion scanner fall within the ambit of permissible sources of information for Lareau—or trace detection experts generally—to rely on.

4

See U.S. v. Wood, 741 F.3d 417, 425 (4th Cir. 2013) (explaining that Rule 703 of the Federal Rules of Evidence "permits an expert to testify to opinions based on inadmissible evidence, including hearsay, if experts in the field reasonably rely on such evidence in forming their opinions").

Lastly, the probative value of Lareau's testimony about the ion scanner and its results substantially outweighs any prejudicial effect. See Fed. R. Evid. 403. The appropriate method for challenging the weight, "as opposed to the admissibility," of Lareau's testimony is through cross-examination at trial. Beard v. Palmetto Health, No. 3:17-CV-00727-JFA, 2020 WL 4698974, at *5 (D.S.C. July 27, 2020). See also Daubert, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Accordingly, the Claimants' Motion to Exclude, or in the alternative, Motion in Limine, is denied.

### III.  ORDER

**NOW THEREFORE IT IS ORDERED that:**

1. "Plaintiff's "Motion to Exclude the Expert Testimony of Jay M. Poupko" (Doc. 42) is **DENIED**.

2. "Claimants' Motion to Exclude Dr. Stefan Rose and Dr. Richard Lareau, or Motion in Limine Pursuant to Daubert, Fed. R. Evid. 702 and/or Fed. R. Evid. 403" (Doc. 45) is **DENIED**.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: April 2, 2021

_____
David S. Cayer
United States Magistrate Judge