IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:18-CV-646

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>APPROXIMATELY $252,140.00 IN US CURRENCY SEIZED FROM DARREN LENNARD COLEMAN ON JUNE 27, 2016 AT CHARLOTTE-DOUGLAS INTERNATIONAL AIRPORT.<br><br>CLAIM OF INTERNATIONAL HUMAN RIGHTS COMMISSION | **CONSENT ORDER FOR THIRD PARTY CLAIM** |

THIS MATTER is before the Court by consent of the United States of America, by and through William T. Stetzer, Acting United States Attorney for the Western District of North Carolina and Claimant International Human Rights Commission ("IHRC"), through counsel, pursuant to 18 U.S.C. § 983(d) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The Government and IHRC have consented to this Consent Order as a final adjudication and settlement of all matters with regard to forfeiture of the property identified in this case (hereafter, "the Property").

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. The Government has alleged in the Complaint for Forfeiture *In Rem* (Doc. 1) that the Property, consisting of approximately $252,140 in seized currency, is proceeds of drug trafficking and/or was used or intended to be used to facilitate drug trafficking, and/or is property

1

involved in an unlicensed money transmitting business. Upon notice of this Complaint, IHRC, Robert Shumake, and Darren Coleman filed Claims for the Property. Coleman withdrew his Claim and this Court struck Shumake's Claim for lack of standing. Only IHRC's Claim remains pending.

2. Although factual disputes remain between the Government and IHRC, following discussions and exchange of information regarding the case the parties have agreed to stipulate that $126,070 of the Property shall be turned over to IHRC's counsel for payment of attorney's fees and costs, and for charitable purposes determined by IHRC. IHRC and Shumake agree to waive any and all interest in the remaining $126,070 of the Property and to the forfeiture of $126,070 of the Property.

3. The Government agrees to, upon issuance of this Consent Order and a Default Judgment as to the rest of the world, issue a payment of $126,070 of the Property to IHRC, through its counsel.[1] IHRC and Shumake agree to release and forever discharge their interests in all remaining Property in this case.

4. The payment to counsel for IHRC shall be in full settlement and satisfaction of all potential claims by IHRC and Shumake in this action and all potential claims resulting from the incidents or circumstance giving rise to this action.

5. IHRC and Shumake agree not to pursue against the United States any rights that they may have to the Property in this case except as otherwise specified herein.

---

[1] IHRC, Shumake and their counsel understand and agree that settlements of forfeiture cases and Government payments generally are processed through the Treasury Offset Program ("TOP"), a system for the Government to collect moneys owed before Treasury Department issues payments to recipients. IHRC understands that the Government will make payment pursuant to the terms of this Consent Order, to International Human Rights Commission, care of counsel, Michael and Burch. IHRC understands that, if IHRC or Michael and Burch owe outstanding tax obligations or other obligations collectible via TOP, TOP may offset any amount paid via this settlement so as to satisfy those obligations. IHRC and its counsel understand that the U.S. Attorney's Office, Western District of North Carolina, does not control or know which obligations, if any, related to IHRC or Michael and Burch, are entered into TOP and cannot control the offset process, but that, if an offset occurs, the Department of Treasury will provide appropriate TOP notices and procedures to IHRC and its counsel.

6. IHRC and Shumake understand and agree that the United States reserves the right to terminate the forfeiture action at any time.

7. The Government, IHRC, and Shumake waive any rights to further litigate between each other in this forfeiture action.

8. Unless specifically directed by an order of the Court, IHRC shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

Based upon the stipulation of the parties it is hereby recognized that IHRC has an interest in $126,070 of the Property. It is, therefore, ordered that, upon issuance of this Consent Order and a Default Judgment as to the remainder of the world in this action, the United States shall pay $126,070 to IHRC, through counsel. Further, IHRC's Claim for the remaining $126,070 is hereby dismissed. The Government and IHRC shall bear their own fees and costs[2] incurred in this federal forfeiture action, including attorneys' fees.

Signed this _____ day of _____, 2021.

_____
HON. DAVID S. CAYER
UNITED STATES MAGISTRATE JUDGE

---

[2] Notwithstanding any other agreements herein, each party agrees to, as provided in the Federal Rules, pay to the respective expert witness any amounts due for any expert costs and fees from any expert witness deposition that the party noticed and conducted.

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

William T. Stetzer
ACTING UNITED STATES ATTORNEY

_____  4/9/21
Benjamin Bain-Creed          Date
J. Seth Johnson
Assistant United States Attorneys


_____  4//9/21
International Human Rights Commission  Date
Claimant (by and through its authorized
Representative Robert S. Shumake)

_____  4//9/21
Robert S. Shumake            Date
Former Claimant
                             04/09/2021
_____
David Michael, Esq.          Date
Edward Burch, Esq.
Attorneys for Claimants

4